My name is Greg Wallace, and I represent Ronnie Moore in this Social Security Disability Appeal. The outcome in this appeal should follow the Court's recent decision in Kemp v. Colvin. You have a nearly identical set of facts here involving overhead reaching and V.E. testimony. The only difference is that here, the ALJ asked the V.E. if her testimony was consistent with the DOT. The V.E. said yes, and the ALJ relied on that in his opinion. That difference is not material. What's missing is, first, the V.E.'s explanation for why there is no conflict, and, second, the ALJ's explanation in his written decision of how the conflict was resolved. Now, the government's position in this case is that, simply because the ALJ asked the V.E. if her testimony complied with the DOT, and the V.E. said yes, any possible conflict about overhead reaching was resolved, and the ALJ could properly rely on that testimony in his opinion. Now, that can't be the rule, because, first of all, Social Security ruling 004-P, which is the relevant ruling in cases of V.E. testimony and occupational information from the DOT, in the purpose statement at the outset of that ruling, it says, this ruling emphasizes that before relying on V.E. evidence to support a disability determination or decision, ALJs must, first, identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by V.E.s and the DOT, and, second, explain in the determination or decision how any conflict that has been identified was resolved. Again, the thing that characterizes this case and makes it just like Kemp v. Colvin, there is no explanation for the possible conflict. Now, Kemp v. Colvin says there is a possible conflict between V.E. testimony and the DOT when an ALJ limits the V.E. to no more than occasional overhead reaching, like the ALJ in this particular case, and the V.E. identifies jobs that involve frequent reaching. Kemp says there's a possible conflict that needs to be addressed. In this particular case, it was never addressed. There's no explanation from the V.E. about how those can be reconciled, and, second, there's no explanation from the ALJ in his opinion about how that possible conflict can be resolved. Apparently, as in the Kemp v. Colvin case, neither the ALJ nor the V.E. were even aware of this possible conflict, but no explanation was given here, and this court has a long line of cases going all the way back to the Montgomery case in 1995, which says that the general rule that the DOT trumps the V.E., the exception to that is when the V.E. explains or gives an explanation for how the two can be reconciled, and I appreciate the government for citing to the Welsh case here in the 28J letter, although as we filed our reply to that 28J letter, the government, I think, misstated the holding in Welsh, but the Welsh case demonstrates how it's supposed to be done. In that case, the claim was remanded to the ALJ to resolve the possible conflict. The ALJ specifically questioned the V.E. about the conflict between the exertional levels specified in the ALJ's hypothetical and the DOT. The V.E. had said, well, this person can perform, had identified jobs that required a lesser exertional level than what the DOT had identified, and the V.E. explained, he said, look, when I have observed those kinds of jobs, they are performed at a lower exertional level. Also, I have a survey that I have consulted from employers and employees who perform these kinds of jobs that show that they are performed at a lower exertional level than in the DOT, and the ALJ found that explanation reasonable, relied on it in his written decision, and the court in the Welsh case affirmed that. The big difference between this case and Welsh is that there's no explanation. The V.E. gave no explanation trying to resolve the possible conflict. The ALJ gave no explanation in his written opinion trying to resolve the possible conflict. Would that be what our, if we were to remand, would that be what instructions we would give, is that the V.E. offer an explanation? Yes. Yes. To resolve the conflict between the apparent, the possible conflict, as this court identified in Kemp, between a person who cannot perform any more than occasional overhead reaching with both hands, and yet the V.E. says that that person can perform jobs requiring frequent reaching. The definition of reaching in the DOT includes overhead reaching. So the conflict here is how can a person who can't reach more than occasionally overhead perform jobs requiring frequent reaching? And this court in Kemp said that's a legitimate conflict between the V.E. testimony and the DOT. So yes, I think the proper resolution of this case would be to remand for clarification by the DOT, which occurred prior to the case in the Welsh case. That case was back on remand for that very purpose in that regard. So without the explanation, then this case is just like Kemp, and it falls outside the parameters of Social Security ruling 004P, which repeatedly emphasizes that it's the explanation that counts. It's not just the ALJ asking the V.E. if there's a conflict. It's the explanation that makes the difference, that allows the ALJ to rely on that V.E. testimony after the V.E. has in fact explained or resolved the conflict by providing that explanation. Otherwise, then if it's just going to say if the V.E. says yes, that my testimony is consistent, then that's going to insulate V.E. testimony from judicial review, because the V.E. can always say yes and still be wrong, as the V.E. was in this case, both as to the overhead reaching. The V.E. also, the ALJ in this case limited the V.E.'s consideration to light jobs. The V.E. identified, I'm sorry. Counsel, isn't it conceivable you could have frequent reaching, and it still not involve much overhead reaching? Yes, it is conceivable, and our position is not that one, our position is there simply needs to be a conflict, there's a conflict that needs to be explained. For example, the V.E. could say, the type of jobs that I have identified don't require any overhead reaching. My job requires frequent reaching. Yes. I tell them, do I have to reach overhead? We don't use our books very much, and those are the only things high in a judge's office, but I reach a lot. So it seems conceivable that you may get an explanation that won't be very helpful to your client. And that would, and we would not be here today had the V.E. provided that kind of an explanation. But, no explanation. And that's why we are here today, and that's why we ask the court to reverse the LJ's decision and remand. Thank you. Okay, thank you. Good morning, Mr., is it Simonson or Simonson? Simonson, sir. Simonson? Okay, good morning. May it please the court. My name is Keith Simonson, and I represent Colonel Colvin, the Acting Commissioner of Social Security. The issue here before the court is whether, in accordance with Social Security ruling 004P, the ALJ properly concluded that there was not an apparent unresolved conflict between the V.E. testimony and the DOT. The Commissioner contends that when a hypothetical question accurately reflects the RFC finding, and the V.E. affirms that his testimony was consistent with the DOT, and ALJ accepts that testimony as knowing consistencies, the ALJ is complied with 004P. Now, as Professor Wallace pointed out, there were a couple of differences between this case and the Kemp case. He pointed out the first one. In the Kemp case, ALJ asked the V.E. up front if there was any inconsistencies. He never really asked that question afterwards. In the case at Barr, after the V.E. heard the testimony of the plaintiff, heard the ALJ's question, gave his testimony, the V.E. asked, is there any conflicts? And ALJ said, no, I see no conflicts. Another distinction Professor Wallace brings up in the Welch case, yeah, that was remanded back, but essentially, if you look at the testimony on there, both sides questioned, but the V.E. or the ALJ essentially said, agreeing with the V.E. that the DOT descriptions are the maximum possible requirements that are not required to do in all jobs, as this court has held in Hilliard, the ALJ accepted the V.E.'s opinion. So essentially, as the DOT says, the jobs that he identified are maximum jobs. In fact, in the case at Barr, the ALJ or the V.E. went so far as to qualify one of the jobs as a cafeteria attendant clearing tables. Now, it definitely takes that out of the definition of the DOT. I mean, it takes out several of the requirements. Carrying food trays, that's out of there. Serving coffee, that's out of there. So essentially, he's just carrying dirty dishes to the kitchen, wiping tables and seats with dampened cloth, sets tables. So our contention is... Mr. Simonson, it seems like this is something that could have been resolved very easily just with one question from the ALJ. And I suppose you could argue us remanding it back is kind of a minor effort in futility for the petitioner here. But I guess what I'd look at it is, if we're having to read the tea leaves of what the ALJ is doing when it could have been very easily addressed and explained, shouldn't we... I'm looking at it in the grand scheme of things. Shouldn't this court send it back and say, look, you have to do this. You have to ask that question. You have to clarify these things and make it so Mr. Moore's of the world can understand, but also that this court can understand your thought process. If you'd allow me just a little leeway with that, Your Honor. I have an answer for that. All right. As Professor Wallace pointed out,  But if you go to page four of the DOT, the adjudicator has the affirmative responsibility to ask about any possible conflicts. He did that. Any situations the adjudicator will ask the VE if the evidence he has provided conflicts with the information in the DOT. The VE said no. If the VE's evidence appears to conflict with the DOT, then the adjudicator will ask those questions that you're asking about. In VE's testimony, he didn't think there was a pair of conflict. Moreover, opposing counsel didn't think because he never questioned the VE at all. Now I know that this court in Thomas has held in 1981 that the claimant has the duty to bring the strongest case forward before the court. I think that includes asking the VE any questions which never happened in this case. Does that answer your question? Well, no. I'm looking more, I understand what you're saying. You're saying that he didn't see that there was a conflict or apparently didn't enter his mind or if it did, he didn't think he needed to ask the question. I suppose that's the answer, but I guess that we have to decide whether there was a conflict. Yes, Your Honor. Did the VE state that the cafeteria job only involved table clearing? Yes, Your Honor. He said he can do the janitor job and then he can do the cafeteria job clearing tables. That's on the record. I forget what page it was. Maybe 73, but I forget. But in clearing tables, you know, as a bus boy, I assume he's talking about, he put the things in and then you carry it into the kitchen. He may have to reach up and put those somewhere up high. How do we know that that may have to take down the containers or up high? I mean, it's not just clearing the tables. Judge... His statement didn't include the qualifier only, though, did it? His words. He said the cafeteria job clearing tables is what he said. So I think he qualified the job. And you're right, there would be cases where he does have to lift, but lifting shoulder height isn't lifting overhead as well. Did he qualify the janitorial work? No, Your Honor, he did not. And that would involve overhead. Yeah, but we don't... You're correct. Does that show some indication that the ALJ was reading it wrong if he said he could do janitorial work? Even if he was wrong on that one, we only have to prove that there's a significant amount of jobs he can do in the national economy and one job would suffice. I forget what the numbers are on that one. You're taking his thought process and we're trying to speculate what the ALJ was thinking. And if he's thinking he could do janitorial work and he was saying that, then maybe they weren't considering that he couldn't do overhead reaching. Isn't that some evidence that maybe they both thought that he could do overhead reaching? Well, I think after listening to the plaintiff's testimony on how he has trouble lifting and when the hypothetical restricted him to no overhead reaching or less than occasional overhead reaching, I think when the VE said he could do these three jobs, he believed that he could do those three jobs or those two jobs. He didn't think there was an apparent conflict. But you're now conceding he couldn't do one of them. I mean, when you put in the... Theoretically, we're all looking at theoretically. Theoretically, he could not do one. Under the dot, it says any possible conflict. I mean, who can anticipate that? Okay. If I may continue. Proceed. As the Fifth Court clearly cautioned in 2000, the claimant should not be allowed to scan a record for implied or unexplained conflicts between the VE testimony and voluminous provisions in the dot and present those as conflicts when they're not considered sufficient to bring before the court or the ALJ originally. That's in my brief. Sixth Circuit has taken very similar stance where nothing in the regulations require the ALJ to investigate into the testimony of VE when the claimant fails to bring the conflict to the administrative law judge's attention. There's two cases on that, both unpublished. But Ledford v. Astru, 311, F. Abbotts, at 746, as well as Martin v. Commissioner,  So we're contending that even if the VE testimony is a conflict, even if there should be, if there is a conflict, opposing counsel or the plaintiff also has the duty to ask the VE questions. So pending your questions, we contend that the commissioner, that the record supports the finding that the VE by limiting more to the cafeteria job clearing tables falls within the restriction of overhead reaching, thus leaving no unresolved conflict for the VE testimony in the DOT. And we request that the court affirm the district court's decision. That's all I have. Okay. Thank you very much, Mr. Simonson. Mr. Wallace, you have one minute. Yes, Your Honor. May it please the court. According to the government's position, we will never have a conflict between the VE and the DOT because we'll always, either they'll always ask the courts to assume or to speculate as to why there's no conflict. But that's not what the Kemp case or Social Security ruling 004P requires. They require an explanation on the record. With due respect to your great intelligence, this is not a question for lawyers and judges who are not vocational experts to be speculating on. That's why the ruling requires the explanation to be made on the record. What obligation do you think the claimant has to raise a possible conflict? That was my second point here. None. And it's because at step five, as this court may have... Go ahead, answer the question. Because at step five, the burden of production shifts to the commissioners. This court has recognized again and again and again. And it is the commissioner's job to come forth with evidence showing that there's other work in the economy that the claimant can perform. It is not up to the claimant or the claimant's attorney to have the government make its case at step five. So there is no duty here that the claimant has to question the V.E. and to elicit that explanation, which O04P says is the responsibility of the ALJ. Okay, thank you very much. Thank you both for your arguments today. We will take them under advice and be back to you in due course. So thank you.